IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-150-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WALTER JAMES BROWN, II, ) | |
| ) | |
| Defendant. ) | |

On February 23, 2009, pursuant to a written plea agreement, Walter James Brown, II ("Brown") pleaded guilty to possession with the intent to distribute more than five grams or more of cocaine base (crack). See [D.E. 12, 18, 19]. On August 4, 2009, the court held Brown's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brown's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range to be 360 to 480 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1, the court sentenced Brown to 300 months' imprisonment. See id.; [D.E. 31]. Brown did not appeal.

On May 15, 2014, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 34]. On March 4, 2016, Brown filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 37]. Brown's new advisory guideline range is 324 to 405 months' imprisonment, based on a total offense level of 36 and a criminal history category of VI. See Resentencing Report.

Brown requests a 270-month sentence. See id.; [D.E. 37]. On March 15, 2016, the government responded. See [D.E. 39].

The court has discretion to reduce Brown's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR ¶¶ 8–10. Moreover, Brown is a violent recidivist and has convictions for common law robbery, possession of cocaine, possession of a firearm by a felon, possession with intent to sell or deliver cocaine (three counts), and possession with intent to manufacture, sell or deliver cocaine. See id. ¶¶ 12–29, 35. Brown also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 20, 32, 44–48. Brown has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possessing an unauthorized item. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Brown received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Brown's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Brown's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

2

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Brown's motions for reduction of sentence [D.E. 34, 37].

SO ORDERED. This 11 day of May 2018.

								_____
								JAMES C. DEVER III
								Chief United States District Judge