IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-150-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WALTER JAMES BROWN, II, | ) | |
| | ) | |
| Defendant. | ) | |

On February 23, 2009, pursuant to a written plea agreement, Walter James Brown, II ("Brown") pleaded guilty to possession with the intent to distribute more than five grams or more of cocaine base (crack). See [D.E. 12, 18, 19]. On August 4, 2009, the court held Brown's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Brown's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range to be 360 to 480 months' imprisonment. See Sentencing Tr. [D.E. 42] 4–5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1, the court sentenced Brown to 300 months' imprisonment. See id. at 14–20; [D.E. 31]. Brown did not appeal.

On May 15, 2014, Brown moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 34]. On March 4, 2016, Brown filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 37]. On March 15, 2016, the government responded. See [D.E. 39].

On May 11, 2018, the court calculated Brown's new advisory guideline range to be 324 to 405 months' imprisonment, based on a total offense level of 36 and a criminal history category of VI. See [D.E. 45] 1. The court declined to reduce Brown's sentence. See id. 2–3. Brown appealed. On December 3, 2018, the United States Court of Appeals for the Fourth Circuit held that the proper advisory guideline range is 262 to 327 months and ordered consideration of Brown's section 3582(c) motion using the 262 to 327 month advisory guideline range. See [D.E. 51].

The court has considered the 262–327 month advisory guideline range and the entire record. Brown requests a 218-month sentence. See [D.E. 37].

The court has discretion to reduce Brown's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR ¶¶ 8–10. Moreover, Brown is a violent recidivist and has convictions for common law robbery, possession of cocaine, possession of a firearm by a felon, possession with intent to sell or deliver cocaine (three counts), and possession with intent to manufacture, sell or deliver cocaine. See id. ¶¶ 12–29, 35. Brown also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 20, 32, 44–48. Brown has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possessing an

2

unauthorized item. See [D.E. 37] 4–9; Ex. 7 [D.E. 37-7] 3; cf. Pepper v. United States, 562 U.S. 476, 490–91 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that reducing Brown's sentence to 262 months yields a sentence that is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). The reduced sentence takes into account the serious nature of the crime, Brown's history and characteristics (including both his horrible history of recidivism and positive steps while incarcerated), the need to incapacitate, and the need to provide just punishment. See Chavez-Meza, 138 S. Ct. at 1965–68. Further reducing Brown's sentence beyond 262 months' imprisonment would threaten public safety in light of Brown's serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court grants in part and denies in part Brown's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court GRANTS in part and DENIES in part Brown's motions for reduction of sentence. The court REDUCES Brown's sentence to 262 months' imprisonment. All other aspects of the judgment remain the same.

SO ORDERED. This 18 day of December 2018.

JAMES C. DEVER III
United States District Judge