IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-150-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WALTER JAMES BROWN, II, | ) | |
| Defendant. | ) | |

On August 12, 2019, Walter James Brown, II ("Brown") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 56]. On January 16, 2020, Brown, through counsel, filed a supplemental motion for a sentence reduction [D.E. 59]. On January 30, 2020, the United States responded in opposition [D.E. 60]. On February 3, 2020, the Probation Officer submitted a modification memorandum concerning the Presentence Investigation Report ("PSR") [D.E. 61]. On February 5, 2020, Brown replied [D.E. 63] and objected to the modified PSR [D.E. 65]. On May 4, 2020, Brown objected to the modified PSR [D.E. 66] and supplemented the motion for a sentence reduction [D.E. 67]. On June 22, 2020, Brown filed a pro se emergency motion for a sentence reduction and for appointment of counsel [D.E. 68]. On July 2, 2020, Brown filed a pro se emergency motion for compassionate release and exhaustion of administrative remedy [D.E. 69]. As explained below, the court denies Brown's motions for reduction of sentence, for compassionate release, and for appointment of counsel.

I.

On February 23, 2009, pursuant to a written plea agreement, Brown, pleaded guilty to possession with the intent to distribute more than five grams or more of cocaine base (crack). See

[D.E. 12, 18, 19]. On August 4, 2009, the court held Brown's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. [D.E. 42] 4. The court calculated Brown's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range to be 360 to 480 months' imprisonment. See Sentencing Tr. at 4–5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and granting the government's downward departure motion, the court sentenced Brown to 300 months' imprisonment. See id. at 14–20; [D.E. 31]. Brown did not appeal.

On December 28, 2018, the court granted Brown's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 and reduced his sentence to 262 months' imprisonment. See [D.E. 54] 3. In doing so, the court explained at length why it declined to reduce Brown's sentence to 218 months. See id. at 2–3.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were

2

modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *4 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

3

Brown's new advisory guideline range is 240 months' imprisonment based on a total offense level 34 and a criminal history category VI. See [D.E. 61] 1–2. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR [D.E. 49] ¶¶ 8–10. From at least December 2003 through November 14, 2008. Moreover, Brown distributed 1.935 kilograms of cocaine and 1.56 kilograms of cocaine base (crack). See id. at ¶ 10. Brown possessed a weapon in connection with his drug trafficking and directed the activities of two participants. See id. Brown is a violent recidivist and has convictions for common law robbery, possession of cocaine, possession of a firearm by a felon, possession with intent to sell or deliver cocaine (three counts), and possession with intent to manufacture, sell or deliver cocaine, and attempt to traffic cocaine. See id. at ¶¶ 12–29. Brown also has performed poorly on supervision and has a spotty work history. See id. at ¶¶ 20, 22, 32, 44–48. Brown has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for possessing an unauthorized item. See [D.E. 67] 1–2; [D.E. 66-1] 1–2; [D.E. 65-1] 1–2; [D.E. 63] 3–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Brown's serious criminal conduct, criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Brown, the court declines to reduce Brown's sentence any more than it already has. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *4; Latten, 2019 WL 2550327, at *1–4; 18 U.S.C. § 3553(a).

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would not reduce Brown's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

Brown seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1). In support, Brown relies on the COVID-19 pandemic, his medical issues (i.e., high-cholesterol, hypertension and "pre-diabetic" status), and his activities in prison. See [D.E. 68] 1–2; [D.E. 69].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission ("Commission"). Id.

5

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of another person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

         (II) suffering from a serious functional or cognitive impairment, or

         (III) experiencing deteriorating physical or mental health because of the aging process,

         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility

6

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Nevertheless, section 1B1.13 provides applicable policy when assessing an inmate's

---

and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

7

motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(I). See, e.g., United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished). In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id.; Dinning v. United States, No. 2:12-cr-84, 2020 WL 1889361, at *2 (E.D. Va. Apr. 16, 2020) (unpublished).

Initially, the court assumes without deciding that Brown has exhausted all administrative remedies, or alternatively that the warden received Brown's compassionate release request and 30 days have elapsed from receipt. See 18 U.S.C. § 3582(c)(1)(A). As for the medical condition of the defendant policy statement, Brown has not stated that he suffers from any medical condition from which he is not going to recover. Cf. [D.E. 68]; [D.E. 69]. Accordingly, releasing Brown or reducing Brown's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that Brown's medical conditions coupled with the COVID-19 pandemic are extraordinary circumstances consistent with application note 1(D). Even so, the section 3553(a) factors counsel against reducing Brown's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8. As discussed at length, Brown engaged in serious criminal conduct and also has a serious criminal record. See id. at ¶¶ 8–10, 12–29. Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Brown's arguments, and the need to punish Brown for his criminal behavior, to incapacitate Brown, to promote respect for the law, to deter others, and to protect society, the court declines to grant

Brown's motion to be released. See, e.g., Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

III.

In sum, the court DENIES Brown's motions for reduction of sentence, for compassionate release, and for appointment of counsel [D.E. 56, 59, 67, 68, 69].

SO ORDERED. This 30 day of July 2020.

JAMES C. DEVER III
United States District Judge