IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-150-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WALTER JAMES BROWN, II, | ) | |
| | ) | |
| Defendant. | ) | |

On August 12, 2019, Walter James Brown, II ("Brown") moved pro se for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 56]. On January 16, 2020, Brown, through counsel, filed a supplemental motion for a sentence reduction [D.E. 59]. On January 30, 2020, the United States responded in opposition [D.E. 60]. On February 3, 2020, the Probation Officer submitted a modification memorandum concerning the Presentence Investigation Report ("PSR") [D.E. 61]. On February 5, 2020, Brown replied [D.E. 63] and objected to the modified PSR [D.E. 65]. On May 4, 2020, Brown again objected to the modified PSR [D.E. 66] and supplemented the motion for a sentence reduction [D.E. 67]. On June 22, 2020, Brown filed a pro se emergency motion for a sentence reduction and for appointment of counsel [D.E. 68]. On July 2, 2020, Brown filed a pro se emergency motion for compassionate release and exhaustion of administrative remedy [D.E. 69]. On July 31, 2020, the court denied relief. See [D.E. 71]. On August 13, 2021, the United States Court of Appeals for the Fourth Circuit affirmed this court's denial of compassionate release but remanded Brown's First Step Act motion in light of intervening case law. See United States v. Brown, 855 F. App'x 897, 898 (4th Cir. 2021) (unpublished). As explained below, the court grants Brown's motions for reduction of sentence and reduces his

sentence to 240 months.

I.

On February 23, 2009, pursuant to a written plea agreement, Brown pleaded guilty to possession with the intent to distribute five grams or more of cocaine base (crack). See [D.E. 12, 18, 19]. On August 4, 2009, the court held Brown's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. [D.E. 42] 4. The court calculated Brown's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range to be 360 to 480 months' imprisonment. See Sentencing Tr. at 5. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and granting the government's downward departure motion, the court sentenced Brown to 300 months' imprisonment. See id. at 14–20; [D.E. 31]. Brown did not appeal.

On December 28, 2018, the court granted Brown's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 and reduced his sentence to 262 months' imprisonment. See [D.E. 54] 3. In doing so, the court explained at length why it declined to reduce Brown's sentence to 218 months. See id. at 2–3.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. §§ 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum

2

sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, a court may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act "denied after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the advisory sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404 of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington,

3

995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3–4 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished). Nonetheless, a district court must reduce the sentence to comply with any new statutory maximum. See Collington, 995 F.3d 356–58.

Brown's August 2009 conviction for possession with intent to distribute more than 1,562 grams of crack cocaine is a covered offense under section 404(a) of the First Step Act because the Fair Sentencing Act modified the conviction's statutory penalties and Brown committed the offense before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." (quotation omitted)). Brown's total offense level remains 34, and his criminal history category remains VI. See [D.E. 83] 1–3; [D.E. 61] 2. Furthermore, under Collington, Brown's new statutory maximum is 240 months' imprisonment. See Collington, 995 F.3d at 356–58. Thus, his new advisory guideline range is 240 months. See id.; [D.E. 83] 1–3; [D.E. 61] 2.

The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in serious criminal behavior. See PSR [D.E. 49] ¶¶ 8–10. From at least December 2003 through November 14, 2008, Brown distributed 1.935 kilograms of cocaine and 1.56 kilograms of cocaine base (crack).

See id. ¶¶ 9–10. Brown possessed a weapon in connection with his drug trafficking and directed the activities of two participants. See id. Brown is a violent recidivist and has convictions for common law robbery, possession of cocaine, possession of a firearm by a felon, possession with intent to sell or deliver cocaine (four counts), possession with intent to manufacture, sell or deliver cocaine, and attempt to traffic cocaine. See id. ¶¶ 12–29. Brown also has performed poorly on supervision. See id. ¶¶ 20, 22, 32. Brown had a spotty work history before his latest incarceration but has worked steadily while federally incarcerated. See id. ¶¶ 44–48; [D.E. 83] 5–6. Brown also has taken some positive steps while incarcerated on his federal sentence, has a supportive family, is older, and did cooperate, but was sanctioned in 2011 for possessing an unauthorized item. See [D.E. 83] 4–8; [D.E. 67] 1–2; [D.E. 66-1] 1–2; [D.E. 65-1] 1–2; [D.E. 63] 3–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Brown's serious criminal conduct, criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Brown, the court reduces Brown's sentence to 240 months' imprisonment but declines to reduce it any further. See 18 U.S.C. § 3553(a); see, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; May, 783 F. App'x at 310; Barnes, 2020 WL 1281235, at *3–4; Latten, 2019 WL 2550327, at *4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new advisory guideline range, it still would only reduce Brown's sentence to 240 months' imprisonment in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

5

II.

In sum, the court GRANTS Brown's motions for reduction of sentence and reduces his sentence to 240 months' imprisonment. All other aspects of the judgment remain the same.

SO ORDERED. This __1__ day of October, 2021.

JAMES C. DEVER III
United States District Judge