IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:08-CR-150-D
No. 7:21-CV-179-D

| | | |
|---|---|---|
| WALTER JAMES BROWN, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On October 18, 2021, Brown moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 91]. On October 25, 2021, Brown filed a supplement to his motion to correct his sentence [D.E. 95]. The next day, Brown filed a petition for a writ of mandamus [D.E. 96]. On November 29, 2021, the government moved to dismiss Brown's section 2255 motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 98] and filed a memorandum in support [D.E. 99]. The same day, Brown moved to sanction the United States for allegedly filing its motion to dismiss too late [D.E. 101]. On November 30, 2021, the court notified Brown of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 100]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On December 9, 2021, Brown responded in opposition to the government's motion to dismiss [D.E. 102]. On January 28, 2022, Brown supplemented his section 2255 motion and requested a 60-month sentence reduction under U.S.S.G. § 5K1.1 [D.E. 103]. On April 25, 2022, Brown again applied for a writ of mandamus [D.E. 107]. As explained below, the court grants the government's motion to dismiss, dismisses Brown's section 2255 motion and its supplements, denies

Brown's motion for sanctions, and denies a certificate of appealability.[1]

I.

On February 23, 2009, pursuant to a written plea agreement, Brown pleaded guilty to possession with the intent to distribute five grams or more of cocaine base (crack). See [D.E. 12, 18]; Plea Agr. [D.E. 19]. On August 4, 2009, the court held Brown's sentencing hearing. See [D.E. 30, 31]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sentencing Tr. [D.E. 42] 4; PSR [D.E. 49]. The court calculated Brown's total offense level to be 38, his criminal history category to be VI, and his advisory guideline range to be 360 to 480 months' imprisonment. See Sentencing Tr. at 5. After granting the government's downward departure motion and considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Brown to 300 months' imprisonment. See id. at 14–20; [D.E. 31]. Brown did not appeal.

On December 28, 2018, the court granted Brown's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 and reduced his sentence to 262 months' imprisonment. See [D.E. 54]. In doing so, the court explained at length why it declined to reduce Brown's sentence to 218 months as Brown had requested. See id. at 2–3. In particular, the court noted that Brown is "a violent recidivist" who engaged in serious criminal conduct and that "[f]urther reducing Brown's sentence . . . would threaten public safety." Id.

On August 12, 2019, Brown moved pro se for a sentence reduction under section 404 of the

---

[1] Shortly before Brown filed his section 2255 motion, Brown appealed this court's October 1, 2021 order reducing his sentence to 240 months' imprisonment. See [D.E. 88]. Thus, Brown's section 2255 motion, its supplements, and his appeal were simultaneously pending before this court and the United States Court of Appeals for the Fourth Circuit, respectively. On January 28, 2022, Brown moved to dismiss his appeal, and on February 2, 2022, the Fourth Circuit granted Brown's motion and dismissed his appeal. See [D.E. 103-1, 104, 105].

2

First Step Act. See [D.E. 56]. On January 16, 2020, Brown, through counsel, supplemented his motion for a sentence reduction. See [D.E. 59]. On January 30, 2020, the government responded. See [D.E. 60]. On February 5, 2020, Brown replied. See [D.E. 63]. On May 4, 2020, Brown supplemented his motion for a sentence reduction. See [D.E. 67]. On July 31, 2020, the court denied Brown's motion for a sentence a reduction. See [D.E. 71]. Brown appealed. See [D.E. 72]. While Brown's appeal was pending, the Fourth Circuit decided United States v. Collington, 995 F.3d 347 (4th Cir. 2021). In light of Collington, the Fourth Circuit reversed this court's decision and remanded for further consideration. See United States v. Brown, 855 F. App'x 897 (4th Cir. 2021) (per curiam) (unpublished). On October 1, 2021, the court reduced Brown's sentence to 240 months' imprisonment pursuant to Collington and did not alter Brown's five-year term of supervised release. See [D.E. 87]; see also United States v. Perez, 22 F.4th 430, 432, 436–38 (4th Cir. 2022). The court declined to reduce Brown's sentence any further "[i]n light of Brown's serious criminal conduct, criminal record, poor performance on supervision, the need to promote respect for the law, and the need to incapacitate Brown." [D.E. 87] 5. Brown appealed and then moved to dismiss his appeal, which the Fourth Circuit granted. See [D.E. 88, 103-1, 104, 105].

II.

In his section 2255 motion and its supplements, Brown challenges the court's October 1, 2021 order reducing his sentence to 240 months, arguing the court did not properly take into account the substantial assistance for which the court gave Brown credit under U.S.S.G. § 5K1.1 at his original sentencing. See [D.E. 91]. Specifically, Brown argues that when the court reduced his sentence to 240 months under the First Step Act, the court had to give Brown 60 months' credit for substantial assistance, as the court did at Brown's original sentencing hearing. See id. at 4; [D.E. 95] 7–10; [D.E. 103] 2–3. According to Brown, this means the court had to reduce his sentence to

3

180 months' imprisonment because 240 months is the statutory maximum. See [D.E. 91] 4; [D.E. 95] 7–10; [D.E. 103] 2–3. The government moves to dismiss for failure to state a claim under Rule 12(b)(6). See [D.E. 98, 99].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255 is not the proper mechanism for Brown to challenge the court's resolution of his First Step Act motion. Section 404 of the First Step Act allows a court to modify a defendant's already-existing sentence in certain circumstances. Such a modification falls within 18 U.S.C. §

4

3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B); see United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019). Although the court must undertake "a robust resentencing analysis" when it resolves a First Step Act motion, the analysis focuses on whether to modify an existing sentence; it is "not a plenary resentencing." Collington, 995 F.3d at 353–58; see United States v. Lancaster, 997 F.3d 171, 174–75 (4th Cir. 2021). Moreover, the First Step Act does not require a court to modify a defendant's sentence so long as the existing sentence is still within the now-applicable statutory maximum. See First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018); Collington, 995 F.3d at 357. Thus, a challenge to the court's resolution of a motion under section 404 of the First Step Act is not a collateral attack on a conviction or sentence but is a challenge to the court's decision concerning whether and how to modify an existing sentence for a valid conviction.

Additionally, in a motion for relief under section 404 of the First Step Act, similar to a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), a defendant has the opportunity to present arguments to facilitate the court's robust sentencing analysis and "to persuade the district court to modify his sentence." United States v. Woodson, 433 F. App'x 191, 193 (4th Cir. 2011) (per curiam) (unpublished). If, after presenting those arguments to the court, a defendant is dissatisfied with the court's ruling, "the defendant is obligated to appeal an unsatisfactory result rather than ask the district court to reconsider its denial." Id. (discussing motions to reconsider the denial of a sentence reduction under section 3582(c)(2)); see United States v. Goodwyn, 596 F.3d 233, 235–36 (4th Cir. 2010). Because defendants may directly appeal the court's decision, section 2255 is not an appropriate device by which to challenge a court's resolution of a motion for a

5

sentence reduction under section 404 of the First Step Act. See United States v. Frady, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal."); see, e.g., United States v. Ancrum, 5:02-CR-30020, 2021 WL 2483145, at *2–3 (W.D. Va. June 17, 2021) (unpublished); United States v. Miller, No. 5:11-CR-229-BO, 2018 WL 10396254, at *1 (E.D.N.C. Feb. 5, 2018) (unpublished); United States v. Casey, No. 7:07cr00014, 2012 WL 4513811, at *1 (W.D. Va. Oct. 1, 2012) (unpublished).

Brown's section 2255 motion, which he filed less than a month after the court resolved his First Step Act motion, is effectively an improper motion for reconsideration. Brown raised the same argument in his First Step Act motion as he does in his section 2255 motion and supplements. Compare [D.E. 56-1] 7, and [D.E. 65], with [D.E. 91] 4, and [D.E. 95], and [D.E. 103]. Rather than challenge the court's decision modifying his sentence in a section 2255 motion, Brown should have appealed the court's decision and persisted with his appeal. Cf. Frady, 456 U.S. at 165. Accordingly, the court dismisses Brown's section 2255 motion, including the two supplements.

Alternatively, even if Brown may use section 2255 to collaterally attack the court's order modifying his sentence, Brown waived his right to do so in the post-conviction waiver in his plea agreement. In the waiver, Brown agreed

> to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agr. ¶ 2(c). In light of Brown's Rule 11 proceeding, the waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Brown's claim falls within the waiver.

6

Accordingly, the wavier bars Brown's section 2255 motion and its supplements attacking the court's decision to modify his sentence.

Alternatively, Brown procedurally defaulted his claim attacking the court's decision to modify his sentence by failing to raise it on direct appeal. Although Brown appealed the court's October 1, 2021 order, he moved to dismiss his appeal, and the Fourth Circuit granted his motion. See [D.E. 88, 103-1, 104, 105]. Thus, the general rule of procedural default bars Brown from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Brown has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claim fails. See, e.g., Cisneros v. United States, No. 3:16-cv-566-RJC, 2019 WL 6048044, at *1–3 (W.D.N.C. Nov. 14, 2019) (unpublished).

Alternatively, Brown's argument concerning credit for substantial assistance is functionally an argument that the court miscalculated Brown's advisory guideline range when it resolved his First Step Act motion because Brown argues the court was required to reduce his advisory guideline range by 60 months to account for his substantial assistance. However, challenges to a court's calculation of a defendant's advisory guideline range are not cognizable on collateral review. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Moreover, and in any event, in

7

its October 1, 2021 order reducing Brown's sentence, the court stated that "even if the court miscalculated the new advisory guideline range, it still would only reduce Brown's sentence to 240 months' imprisonment in light of the entire record and the section 3553(a) factors." [D.E. 87] 5; see United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012). Thus, the claim fails.

Alternatively, Brown's argument fails on the merits. Section 5K1.1 provides grounds for departing from an established advisory guideline range. "It does not provide a Guidelines range of its own but rather a departure from the Guidelines range, made after the applicable Guidelines range has been calculated." United States v. Lindsey, 556 F.3d 238, 245 (4th Cir. 2009). "Once the government files a motion for a downward departure under U.S.S.G. § 5K1.1, the district court has broad discretion in deciding whether to depart downward and to what extent," though that discretion is not unlimited. United States v. Pearce, 191 F.3d 488, 492 (4th Cir. 1999). And a court's decision at sentencing to grant a downward departure based on substantial assistance under U.S.S.G. § 5K1.1 does not then become the law of the case. See Pepper v. United States, 562 U.S. 476, 486–87, 505–08 (2011); United States v. Abed, 3 F.4th 104, 115–16 (4th Cir. 2021). Brown received the benefit of his substantial assistance at sentencing and then later received the benefit of two changes in the law that applied retroactively to him. Similar to (but not the entirely the same as) the resentencing at issue in Pepper, the sentencing analysis required under Collington for section 404 motions is an opportunity for "the trial court [to] reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." Pepper, 562 U.S. at 507 (cleaned up); see Abed, 3 F.4th at 115. In its order reducing Brown's sentence to 240 months, the court did precisely that and grounded its decision in the section 3553(a) factors. See [D.E. 87] 4–5.

Brown was entitled to nothing more. For example, in Abed, the defendant argued the

8

resentencing court inappropriately varied upward after the original sentencing court had denied the government's upward departure motion because the court concluded that the PSR and the guidelines fully accounted for the defendant's criminal conduct. See Abed, 3 F.4th at 115. The defendant argued the resentencing court was bound by the original sentencing court's reasoning. See id. By the time of the defendant's resentencing hearing, however, the defendant's advisory guideline range had shifted downward, and the resentencing court upwardly varied. See id. Rejecting the defendant's arguments that the resentencing court was bound by the reasoning of the original sentencing court, the Fourth Circuit stated: "That the original sentencing court concluded that a sentence within an effective total Guidelines range of 548 to 595 months' imprisonment was 'appropriate' clearly cannot preclude the resentencing court from determining that a sentence within the now-advisory range of 188 to 235 months' imprisonment would be inadequate." Id.

So too here. At Brown's original sentencing hearing, the court gave Brown credit for his substantial assistance and determined that a sentence of 300 months was sufficient but not greater than necessary in light of the relevant factors under 18 U.S.C. § 3553(a), including his cooperation and the advisory guideline range of 360 to 480 months' imprisonment. See Sentencing Tr. at 6, 14–18. Brown then received the benefit of two changes in the law that applied to him retroactively, and the court reduced Brown's sentence to 240 months. See [D.E. 54, 87]. In resolving Brown's motion under section 404 of the First Step Act, the court had discretion to conclude that Brown's now-applicable advisory guideline range was appropriate in light of the section 3553(a) factors, Brown's cooperation, and Brown's post-sentencing conduct. Cf. Pepper, 562 U.S. at 505–08; Abed, 3 F.4th at 115–16. Thus, Brown's claim fails.

After reviewing the claims presented in Brown's section 2255 motion and its supplements, the court finds that reasonable jurists would not find the court's treatment of Brown's claims

9

debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

As for Brown's motion for sanctions, Brown argues sanctions are warranted because the government allegedly filed a late response to his section 2255 motion. See [D.E. 101]. Brown's motion is meritless. On October 20, 2021, two days after Brown filed his section 2255 motion, the court ordered the government to respond to Brown's motion within 40 days of the entry of the court's order and set a November 29, 2021 deadline to file a response. See [D.E. 94]. The government timely filed its motion to dismiss and accompanying memorandum on November 29, 2021. See [D.E. 98, 99]. Thus, the court denies as meritless Brown's motion for sanctions.

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 98], DISMISSES petitioner's section 2255 motion and its supplements [D.E. 91, 95, 103], DENIES a certificate of appealability as to petitioner's section 2255 motion and its supplements, DENIES as meritless petitioner's motion for sanctions [D.E. 101], and DENIES as moot petitioner's petitions for a writ of mandamus [D.E. 96, 107]. The clerk shall close the case.

SO ORDERED. This 3 day of May, 2022.

JAMES C. DEVER III
United States District Judge

10

Case 7:08-cr-00150-D    Document 108    Filed 05/03/22    Page 10 of 10